**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Roland SESSUM and Paul S. Markowitz, Defendants–Appellants.**

Nos. 79–5235, 79–5326.

United States Court of Appeals, Sixth Circuit.

Argued July 14, 1980.

Decided Sept. 12, 1980.

Bruce Kelley, Jr., Memphis, Tenn., (Court–appointed) for defendant–appellant in No. 79–5235.

W. J. Michael Cody, U. S. Atty., Timothy R. DiScenza, Memphis, Tenn., for plaintiff–appellee.

Irvin Salky, Memphis, Tenn., Paul S. Markowitz, for defendant–appellant in No. 79–5326.

Before EDWARDS, Chief Judge, CELEBREZZE, Circuit Judge, and PECK, Senior Circuit Judge.

PER CURIAM.

Defendants–appellants in these cases were indicted, along with three others, and charged with conspiracy to possess and distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) (1976). Each was found guilty and sentenced; Sessum to five years and a three–year special parole term, and Markowitz to a Youth Corrections Act indeterminate sentence. The evidence presented at trial pertaining to a major conspiracy to distribute marijuana was much more than ample to support the jury verdict.

Appellants contend, however, that they were improperly denied motions for severance and that certain evidence admit-

ted against them was improperly admitted. A review of the facts in this case shows that the District Judge committed no error in denying severance. All of these defendants were shown to be closely related in one criminal conspiracy. As to the evidentiary issues, we find no error in the admission of expert witness testimony pertaining to the identification of marijuana. The three witnesses who testified were amply qualified to make the chemical analysis by which they identified the substances seized as marijuana.

█ The last appellate issue pertains to the fact that the government was allowed to present both a video and an audio tape of the central conspirator, one Frank Cianciola, without calling Cianciola as a witness. The appellants conceded, as they had to, that the tapes were properly identified by law enforcement witnesses who testified at trial and were available for cross–examination. The government also made Cianciola available if the defense had desired to call him.

The judgments of conviction are affirmed.